LAW LIBRARY

FILE

2014 JAN 27 PM 2: 29

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

CARL T.C. GUTIERREZ,

               Plaintiff,

    vs.

VINCENT AKIMOTO, M.D., DOUGLAS B. MOYLAN, and JOHN DOES 1-100

               Defendants.

CIVIL CASE NO. CV0415-12

**DECISION & ORDER ON DEFENDANTS' MOTION TO DISMISS RE. CITIZEN PARTICIPATION IN GOVERNMENT ACT; GRCP 12(B)(6)**

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a status hearing on Defendants Vincent Akimoto, M.D. ("Defendant Akimoto" or "Akimoto") and Douglas B. Moylan's ("Defendant Moylan" or "Moylan")(collectively, "Defendants") Motion to Dismiss ("Motion"). Defendants are represented by Attorney Curtis Van De Veld, who was not present during the hearing but whose presence was waived by Defendant Moylan on behalf of both defendants. Attorney Delia Lujan Wolff of Lujan Aguigui & Perez LLP represents Plaintiff Carl T.C. Gutierrez ("Plaintiff" or "Gutierrez"). The parties waived oral argument on the matter because oral argument had previously been made to the Honorable *Judge Pro Tem* Richard H. Benson ("Judge Benson") before Judge Benson was recused from presiding over this matter. Additionally, counsel for the Defendants was unavailable due to an on-going trial in the District Court of Guam and, on request of the parties, the Court took the Motion under advisement on the briefs submitted.

After reviewing the pleadings and affidavits on file in this matter as well as the applicable statutes and case law, this Court hereby issues the following Decision and Order and **DENIES** the Defendants' Motion to Dismiss based upon the Citizen Participation in

Government Act ("CPGA"), but **GRANTS** the Motion based upon Rule 12(b)(6) failure to state a claim, *res judicata*. Additionally, Defendants' request for attorneys' fees, costs, and sanctions pursuant to CPGA and Rule 11 is **DENIED**.

**RELEVANT BACKGROUND**

Plaintiff filed a Complaint against Defendants on April 3, 2012 alleging four (4) causes of action: (1) Malicious Prosecution in Civil Case No. CV1011-02, (2) Abuse of Process, (3) Intentional and/or Negligent Infliction of Emotional Distress and (4) Punitive Damages. All of Plaintiff's claims arise from the Defendants' filing of an earlier civil case, specifically, Vincent A. Akimoto v. Carl T.C. Gutierrez, in his personal capacity; Therese M. Hart; and John Does A-M, Civil Case No. CV1011-02 (hereinafter referred to as the "2002 Lawsuit"). *See* Complaint (Apr. 3, 2012) at *Exhibit A*. Defendants' Motion to Dismiss is based upon two theories: (1) that the 2002 Lawsuit constituted a statutory right to participate in government, and, therefore, Defendants are immune from liability under the Citizens Participation in Government Act (CPGA), and (2) that Plaintiff's claims are barred by *res judicata* and/or collateral estoppel because the claims were fully adjudicated in another lawsuit which advanced the same causes of action against the same parties, namely: Carl T.C. Gutierrez v. Vincent Akimoto, M.D., Douglas B. Moylan et al., Civil Case No. CV1786-10 (the "2010 Lawsuit"). It is necessary for an analysis of whether Plaintiff's Complaint is a SLAPP, or a "Strategic Lawsuit Against Public Participation," and, therefore, subject to dismissal under the CPGA, to consider the procedural history of the 2002 and 2010 Lawsuits in relation to the instant case.

**1. The 2002 Lawsuit: Akimoto v. Gutierrez *et al*.**

The 2002 Lawsuit was filed by Defendant Akimoto pursuant to the *Enforcement of Proper Government Spending Act* (the "EPGSA"), Title 5, Guam Code Annotated, Chapter 7,

and alleges that, while Gutierrez was Governor of Guam and also the administering authority over the Guam Memorial Hospital Authority (GMHA), he improperly paid the sum of $150,000.00 in settlement of a wrongful death claim, in violation of the Government Claims Act. Complaint at *Exhibit A* at ¶¶ 5–9, 12–14, 16–18. The 2002 Lawsuit sought the "reimbursement" of the $150,000.00 to the government of Guam. Id. at ¶ 18. Akimoto asserted standing to recover the amount on behalf of and for the benefit of the government of Guam pursuant to 5 G.C.A. § 7103 (Taxpayer standing). Id. at ¶ 17. The Supreme Court of Guam has recognized that the EPGSA is meant to "empower taxpayers to enforce laws pertaining to proper government spending." *Attorney General of Guam v. Carl T.C. Gutierrez*, 2011 Guam 10, ¶22. On June 22, 2010, Judge Benson issued a Decision and Order dismissing the 2002 Lawsuit for Akimoto's failure to prosecute. See Complaint at *Exhibit B* (Akimoto v. Gutierrez et al., Civil Case No. CV1011-02, Decision and Order re: Motion to Dismiss for Failure to Prosecute (June 22, 2010)).

## 2. The 2010 Lawsuit: Gutierrez v. Akimoto, Moylan *et al.*

Shortly after Akimoto's 2002 complaint was dismissed, on October 20, 2010, Plaintiff filed the 2010 Lawsuit against Defendants Akimoto and Moylan alleging that the Defendants were "jointly and severally liable to Plaintiff Gutierrez as they chose to file an action against Plaintiff Gutierrez that was baseless, failed to prosecute the complaint, and filed the action to defame, injure and legally harass Plaintiff and to cause him damages." *Exhibit B* to Memo. of Pts. and Auth. In Support of Motion to Dismiss at ¶ 18. The "action" referred to and which was the subject of the 2010 Lawsuit is the 2002 Lawsuit filed by Akimoto. The Complaint in the 2010 Lawsuit charges four (4) causes of action: (1) Malicious Prosecution in Civil Case No. CV1011-02, (2) Abuse of Process, (3) Intentional and/or Negligent Infliction of Emotional

Distress and (4) Punitive Damages. *Id.* (Complaint in CV1786-10 at pp. 4-7 (Oct. 20, 2010)). Some nearly three years later, the 2010 Lawsuit was resolved by the issuance of the Decision and Order of the Honorable Judge Michael J. Bordallo ("Judge Bordallo") dismissing the Complaint for Gutierrez's failure to prosecute. Gutierrez v. Akimoto *et al.*, Civil Case No. 1786-10, Decision and Order re: Motion to Dismiss Request for Reimbursement of Attorney's Fees & Court Costs (March 26, 2013).

On April 3, 2012, eight days following the entry on the docket of Judge Bordallo's Decision and Order dismissing the 2010 Lawsuit, Plaintiff filed the Complaint in this case. The instant Complaint asserts causes of action which are identical to that in the 2010 Lawsuit.

## DISCUSSION

I.     **Defendants Assert that the Citizens Participation in Government Act and Rule 12(b)(6) Warrant Dismissal.**

Defendants bring their Motion to Dismiss the instant complaint, alleging that the Citizen Participation in Government Act (Chapter 17 of Title 7, Guam Code Annotated)(the "CPGA") provides immunity to the Defendants for acts in furtherance of "seeking relief, influencing action, ... and otherwise participating in the processes of government ... regardless of intent or purpose." Mem. Supporting Mot. To Dismiss at p. 4 (citing 7 G.C.A. § 17104). If the Defendants are successful in the dismissal of the Complaint pursuant to CPGA, Defendants are entitled to an award of costs of litigation, attorneys' fees, actual or compensatory damages and punitive damages. Id. (citing 7 G.C.A. § 17106(g) and (h)).

Plaintiff opposes the Motion to Dismiss, conceding that the 2002 Lawsuit based upon the EPGSA "would be protected activity in and of itself," but that Defendants' act of protracting the 2002 litigation and "allowing the matter to linger in the public and media" without

prosecution of the claims for nearly eight years is actionable separately and *not* immune under the CPGA.[1] Plaintiff argues further that, even if the acts complained of in the 2002 Lawsuit pass muster under the threshold query of whether the suit was reasonably grounded in the CPGA, the "sham" exception of Section 17104 applies to remove immunity under the CPGA because the 2002 Lawsuit was not "genuinely aimed" at procuring favorable government action. Opposition at p. 9 (citing Brizill, 2008 Guam 13, ¶ 39)(additional quotations omitted). Instead, argues Plaintiff, it was an "abus[e of] the judicial process to harass and impugn my reputation for eight years without diligently prosecuting their suit." Decl. of Carl T.C. Gutierrez in Support of Opposition to Defendants' Mot. To Dismiss at ¶ 16 (Jan. 7, 2013).

Finally, in response to Defendant's separate argument that the instant lawsuit is barred by the doctrines of *res judicata* and collateral estoppel because the Decision and Order in the case of <u>Carl T.C. Gutierrez v. Vincent Akimoto, M.D., Douglas B. Moylan, and JOHN DOES 1-100</u>, Civil Case No. CV1786-10 was dismissed with prejudice, Plaintiff asserts that because no final judgment under GRCP Rule 58 was ever issued in CV1786-10, it is, therefore, not a final order. Opp. To Defs.' Mot. To Dismiss at pp. 13, 14 ("Since no judgment was ever issued in CV1786-10, res judicata cannot bar Gutierrez's claims."). Plaintiff also argues that collateral estoppel is inapplicable because the factors laid out in *Trans Pac. Export Co. v. Oka Towers,* 2000 Guam 3 were not met. *Id.*

This Court first considers whether the Defendants' claims, asserted in its 2002 Lawsuit, fall within the provisions of the CPGA before passing on the question of any other basis for

---

[1] Opposition to Mot. To Dismiss at p. 7 ("Gutierrez's lawsuit genuinely seeks redress for years-long harm to his reputation and well-being, not solely based on Akimoto and Moylan *bringing* of the taxpayer lawsuit, but based on their abuse of the judicial process to harass and impugn Gutierrez's reputation for eight years without diligently prosecuting their suit.")

dismissal. *Enriquez v. Smith,* 2012 Guam 15 ¶ 18.

### A. Plaintiff's Motion to Dismiss under the CPGA is treated as a Motion for Summary Judgment.

Although Defendants have styled their instant motion as a Motion To Dismiss, the Supreme Court of Guam has directed trial courts, when presented with any motion to dispose of a claim, even if pled alternatively, that raises the immunity from liability described in the Citizen Participation in Government Act, or CPGA, to: (1) first determine whether the claim actually falls within the scope of the CPGA and, if it does, then (2) the trial court must treat the motion as one for summary judgment and follow the procedures set forth in 7 GCA § 17106. *Enriquez v. Smith,* 2012 Guam 15 ¶18. "Only after the trial court determines the motion to dispose of any claims under the CPGA should it then proceed to determine any other motions to dispose of any other claims." *Id.*

Because Defendants base their motion to dismiss upon both the CPGA and GRCP Rule 12(b)(6), this Court must determine first whether the claim falls within the scope of the CPGA and any relief to which they may be entitled to pursuant to that Act before ruling on the defendants' Rule 12(b)(6) motion. *Id.* The rationale behind proceeding first with a determination of the relief available under CPGA is that ruling in favor of dismissal under Rule 12(b)(6) without a decision on the merits of a CPGA claim may deny a defendant of the right to relief under that Act, including cost of litigation, attorney's fees, actual or compensatory damages and punitive damages – relief that is not provided a successful defendant in a 12(b)(6) motion. *Id.*; 7 GCA §§ 17106(g) and (h). *See also* 7 GCA § 17102(b)(5)("the purposes of this Chapter are: … (5) to provide for attorneys fees, costs, sanctions and damages for persons whose citizen participation rights have been violated by the filing of a SLAPP against them.").

## 1. Do the claims asserted against Defendants fall within CPGA?

Under *Enriquez,* when passing on a motion to dismiss based on a claim of immunity under the CPGA, trial courts must first determine whether the claims fall within the act's provisions. *Enriquez* at ¶ 18. The CPGA provides that "[a]cts in furtherance of the Constitutional rights to petition, including seeking relief, influencing action, informing, communicating and otherwise participating in the processes of government, <u>shall</u> <u>be</u> <u>immune</u> <u>from</u> <u>liability</u>, regardless of intent or purpose, except where not aimed at procuring any government or electoral action, result or outcome." 7 G.C.A § 17104 (emphasis added). The CPGA applies to any "motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to or is in response to any act of the moving party in furtherance of the moving party's rights as described in § 17104." 7 GCA § 17105.

The Defendants claim that the 2002 Lawsuit was filed against Plaintiff in order to participate in a "key function of government, created by the Guam Legislature, namely to empower private citizens to ensure (participate in) the proper spending of money by government officials [under the EPGA]." Mem. Pts. and Auth. Supporting Mot. to Dismiss at p. 3 (May 23, 2012). *See also* Complaint at Exhibit A (Complaint in CV1011-02 (hereinafter the "2002 Complaint")) at ¶ 1. If the 2002 Lawsuit falls within the acts made immune under Section 17104 of the CPGA, then the Court applies the procedure set forth in Section 17106.

The gravamen of the 2002 Lawsuit is that, while he was governor and administering authority over the Guam Memorial Hospital Authority (GMHA), Gutierrez paid out a wrongful death claim in violation of the Government Claims Act. Specifically, Akimoto asserted that a wrongful death claim was paid in the amount of $150,000.00 – in excess of the maximum

allowed under the Government Claims Act. 2002 Complaint at ¶ 9. Additionally, Akimoto alleged that Gutierrez paid out the claim in violation of the procedures set forth in the Government Claims Act requiring the filing of a claim, review by a claims officer and approval of the claims officer, the GMHA Board of Directors and the Attorney General of Guam. 2002 Complaint at ¶¶ 12–14. Because of the violations alleged, Akimoto sought the return of the $150,000.00 payment back to the Government of Guam. 2002 Complaint at p. 5.

The Guam Supreme Court has held that Section 17104 of the CPGA "lays out an objective test of whether a reasonable person would conclude from looking at the acts that the acts involved petitioning the government." *Guam Greyhound, Inc. v. Brizill*, 2008 Guam 13 at ¶ 34. On its face, the 2002 Complaint seeks recovery of amounts purportedly paid out by the head of the Government of Guam in violation of the Government Claims Act and pursuant to the Enforcement of Proper Government Spending Act. "On its face and in its purpose, the [EPGSA] statute is meant to empower taxpayers to enforce laws pertaining to proper government spending." *Attorney General of Guam v. Carl T.C. Gutierrez*, 2011 Guam 10 ¶ 22. In fact, Plaintiff concurs that the claims asserted by the Defendants in the 2002 Lawsuit "would be protected activity in and of itself." Opp. at p. 7. Consequently, the Court finds that the 2002 Lawsuit falls within the scope of the CPGA. The Court's next inquiry is whether Defendants are entitled to summary judgment pursuant to Section 17106. *Enriquez* at ¶ 18.

### 2. The Defendants are not entitled to summary judgment under CPGA

7 G.C.A. § 17106 provides, in relevant part, that "[o]n the filing of any motion as described in § 17105:

> (a) the motion shall be treated as one for summary judgment:
> . . .

(c) the responding party shall have the burden of proof, of going forward with the evidence and of persuasion on the motion;

(d) the court shall make its determination based on the facts contained in pleadings and affidavits filed;

(e) the court shall grant the motion and dismiss the judicial claim, unless the responding party has produced *clear and convincing* evidence that the acts of the moving party are not immunized from liability by § 17104;

...

(g) the court shall award a moving party who is dismissed, without regards to any limit under Guam law:

> (1) costs of litigation, including reasonable attorney and expert witness fees, incurred in connection with the motion; and

> (2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated; and

> (h) a person damaged or injured by reason of a claim filed in violation of their rights under § 17104 may seek relief in the form of a claim for actual or compensatory damages, as well as punitive damages, attorney's fees and costs, from the person or persons responsible.

Having determined that the 2002 Lawsuit falls within the scope of the CPGA, the burden now shifts to nonmovant to produce "*clear and convincing evidence* that the acts of the moving party are not immunized from liability by §17104," 7 GCA § 17106(c) and (e)(emphasis in original), and the Court shall make its determination based on the facts contained in the pleadings and affidavits filed. 7 GCA § 17106(d).

### a. The "sham" Exception to Immunity under Section 17104.

As the nonmovant, Gutierrez contends that the 2002 Lawsuit is not protected with immunity under the CPGA because it was a "sham" under the exception to immunity in Section

17104 of the CPGA. The Guam Supreme Court has ruled that "[t]he only time when immunity for petitioning activity does not apply, … is when 'persons use the governmental *process*—as opposed to the *outcome* of that process – as a []…weapon.'" *Guam Greyhound, Inc.* at ¶33. Indeed, Section 17104 removes from immunity those acts which are "not aimed at procuring any government or electoral action, result or outcome." 7 G.C.A. § 17104.

In order for Gutierrez, as the responding party, to remove the acts in question from the protection of section 17104 he must carry his burden of "producing clear and convincing evidence that the moving party's acts were a sham." *Brizill* at ¶ 39. *See also* 7 G.C.A. §17106(c) and (e). "Clear and convincing evidence" must be of "extraordinary persuasiveness" and be established by "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." Id. at ¶ 41 (quoting *Shorehaven Corp. v. Taitano*, 2001 Guam 16 ¶ 19). In ruling on the motion, the Court "shall make its determination based on the facts contained in the pleadings and affidavits filed." 7 G.C.A. §17106(d).

In his Opposition, Gutierrez acknowledges the filing of the lawsuit based on the EPGSA would be a protected activity under the CPGA, but argues that the 2002 Lawsuit was "not genuinely aimed at procuring favorable government action," and Defendants used the "fact of its filing (rather than the judicial process of prosecuting their compliant [sic]) as a basis to publicly disparage and impugn Gutierrez's credibility and integrity, and to injure Gutierrez in his reputation and livelihood, knowing that the allegations forming the basis of their EPGSA complaint were false or wrongfully failing to ascertain their truth or falsity." Opp. at p. 7. He submits that the present lawsuit is not an effort to "chill Akimoto's or Moylan's exercise of any protected right," but to "seek compensation for the harm caused to Gutierrez" for years of

failing to prosecute the 2002 Lawsuit. *Id.* The Court agrees that, under the circumstances, the Defendants are not immune from liability under the CPGA.

### b. *Clear and Convincing Evidence* establishing that 2002 Lawsuit is *not* immune.

During the pendency of the 2002 Lawsuit, in 2003, Defendant Moylan, as the Attorney General of Guam, on behalf of the People of Guam, charged Therese Hart with the crimes of official misconduct and improper influence over a notary. Decl. of Carl T.C. Gutierrez in Support of Opp. to Defendants' Motion to Dismiss at ¶ 5 (Jan. 7, 2013)(hereinafter "Gutierrez Declaration"). The case was filed under the caption The People of Guam v. Therese Hart, Criminal Case No. CF66-03. Gutierrez Declaration at ¶ 5. The charges arose out of the payout of the wrongful death claim that was the subject of the 2002 Lawsuit and, on May 31, 2007, Hart pled guilty to the offense of improper influence over a notary and was ordered to pay restitution to GMHA in the amount of $150,000.00. Judgment in that case was entered on June 5, 2007. *Id.*

On April 22, 2009, Gutierrez filed a Motion to Dismiss the 2002 Lawsuit for failure to prosecute and Defendant Akimoto filed an opposition. *Id.* at ¶ 7. Akimoto argued that "[t]his case is of significant public importance to the community considering its potential recovery of hundreds of thousands of taxpayer dollars allegedly misspent by Defendants CG and Hart from scarce Guam Memorial Hospital Authority funds." Gutierrez Declaration at Exhibit 1. However, by the time Akimoto filed his Opposition on June 16, 2009, recovery of "the amount that the Guam Memorial Hospital Authority ("GMHA"), government of Guam paid to Defendant THERESE M. HART, specifically $150,000" was had by way of a criminal judgment against Therese Hart on June 5, 2007; and a Judgment was issued ordering her to pay

this amount to GMHA as restitution. (Gutierrez Decl. at ¶ 5). Restitution paid to a victim –here, GMHA – cannot exceed its loss. 9 GCA § 80.50. GMHA, therefore, could not have enjoyed a "double recovery" of its loss. In other words, GMHA could recover only through the civil complaint in the 2002 Lawsuit which named *both* Gutierrez and Hart, or in the criminal case against Hart. By the time Plaintiff Gutierrez filed his motion to dismiss in 2009, there was no basis for continuing to prosecute the 2002 Lawsuit because the allegedly "misspent funds" had been recovered through the criminal judgment.

Consequently, although the 2002 Lawsuit may have started as one which would be protected under the CPGA, the Defendants' continued litigation of the 2002 Lawsuit when its purpose – "to recover what I understand the Public Auditor determined was an improper payment of $150,000 by the Hospital in 2001" (Affidavit of Vincent Akimoto at ¶ 4 (May 23, 2012) – had already been satisfied by the criminal judgment in 2007 against Hart, evidences an intent other than the "participation in government" which is accorded immunity under the CPGA. It cannot, therefore, be said, that the *continuation* of the 2002 Lawsuit was genuinely aimed at procuring government action.

### c. **Plaintiff's Lawsuit Is Not a SLAPP**

Even if this Court determined that the 2002 Lawsuit was immune under the CPGA, this does not mean that the Plaintiff's Complaint is automatically dismissed under the Act. In Garrido v. Arena, 993 N.E.2d 488, 496 (Ill. App. Ct. 1st Dist. 2013), the Illinois Appellate Court indicated that the movant has the burden of proof under the first *two* prongs of the test to determine whether a plaintiff's claims are barred under the CPGA: the first prong is whether the act is a protected activity; the second is whether the plaintiff's claim is a SLAPP within the meaning of the (Illinois) CPGA. *See also Enriquez v. Smith*, 2012 Guam 15, ¶ 15 (Comparing

Guam's Citizen Participation in Government Act with Illinois's version (735 Ill. Comp. Stat. Ann. 110/1-110/99 (West 2012)), "which is very similar to Guam's."). The Court having determined that the act complained of is a protected activity, the next inquiry is whether the Defendants have "affirmatively demonstrate that the [plaintiff's] claim is a SLAPP within the meaning of the Act, that is, that the claim is meritless and was filed in retaliation against the [defendant's] protected activities in order to deter the [defendants'] protected activities in order to deter the [defendants] from further engaging in those activities." Garrido, 993 N.E.2d at 496. (citations omitted)(emphasis added).

This second prong merits discussion here because the term "meritless" in the context of a SLAPP is "a term or art and means something more [than any unsuccessful legal claim or theory]." Garrido at p. 496 - 497. In attempting to define this requirement the Illinois Appellate Court explained:

> A SLAPP is not intended to make an injured plaintiff whole, but is instead meant only to hurt the defendant through "delay, expense, and distraction. *Sandholm*, [962 N.E.2d 418](additional citations omitted). ... The Act is expressly designed to bar only those lawsuits that try to abuse the justice system by bringing unfounded claims in retaliation against defendants who legitimately exercise their first amendment rights, while simultaneously preserving the right of individuals to file lawsuits for real injuries. *See* 735 ILCS 110/5 (West 2010).

*Id.* at p. 497.

Gutierrez's suit is based, *inter alia*, upon a claim that the 2002 Lawsuit was a malicious prosecution. Complaint at ¶¶ 20–29. Specifically, Gutierrez posits that the Defendants "failed to prosecute the claims they asserted [in the 2002 Lawsuit] and that Defendants Akimoto and Moylan's allegations against Plaintiff Gutierrez were unfounded and frivolous and without

probable cause to believe that the action filed would succeed and was for an improper purpose." *Id.* at ¶ 27. Because of the Defendants' failure to prosecute their claims in 2002, Judge Benson dismissed the Complaint. Akimoto, Civil Case No. CV1011-02, Decision and Order (June 22, 2010). It has been held that a dismissal for failure to prosecute constitutes a favorable termination of the proceeding for the purpose of stating a cause of action for malicious prosecution. *See* Minasian v. Sapse, 145 Cal. Rptr. 829, 831 (Cal. Ct. App. 2nd Dist. 1978)("A dismissal for failure to prosecute under [California's former] section 583, subdivision (a) does reflect on the merits of the action, and that reflection is favorable to the defendant in the action. The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted.").

In this case, the pleading and affidavits on file support a finding that Plaintiff's Complaint is not a SLAPP designed to chill the defendants' participation in government or to stifle political expression. For how could one "chill" an act which had been apparently abandoned by the Defendants? Indeed, Plaintiff has established by clear and convincing evidence that his claims are not solely based on, related to, or in response to the acts of defendants in furtherance of the rights to petition the government under the CPGA. It is apparent, from the face of the Complaint and from the pleading and affidavits, that the plaintiff's goal was to seek damages for the personal harm to his reputation caused by Defendants' alleged malicious prosecution, abuse of process and defamatory and tortious acts.

On the other hand, Plaintiff has established, though the pleadings and affidavits filed herein, that Defendants were using the process under the EPGSA as a weapon only and not to procure any genuine governmental action, and therefore, their act was not immune under the CPGA. On this basis, Defendants' motion to dismiss the Complaint based on the immunity

provision of the CPGA is **DENIED.**[2]

Having determined that Defendants are not entitled to dismissal based upon immunity under the CPGA, the Court now examines whether Plaintiff's Complaint must be dismissed under Defendants' alternative argument, pursuant to Rule 12(b)(6) – failure to state a claim, collateral estoppel and *res judicata.*

**B. The Doctrine of *Res Judicata,* or Claim Preclusion, Bars Plaintiff's Claims.**

Defendants argue in the alternative that Plaintiff's action is barred by the doctrines of *res judicata* and collateral estoppel because the issues raised in the instant suit have been adjudicated by Judge Bordallo in the 2010 Lawsuit. Mem. Supporting Mot. To Dismiss at p. 7. Defendants assert that the issues, parties and even the Complaints in the 2010 Lawsuit are identical. *Id.*

Title 6 GCA § 4209 sets forth Guam's statutory basis for the common law doctrine of *res judicata* (or claim preclusion) and provides that "the judgment or order is, in respect to the matter directly adjudged, <u>conclusive</u> between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided that they have notice, actual or constructive, of the pendency of the action or proceedings." 6 GCA § 4209(2)(2005)(emphasis added). The Supreme Court of Guam has defined *res judicata* as "the doctrine by which a 'judgment on the merits in a prior suit bars a second suit involving the same parties or their

---

[2] It must be noted, however, that while the Court does not consider the filing of the instant Complaint to – on its face – constitute a SLAPP, the procedural history of the 2002, 2010 and current lawsuits and the very publicly declared animosity of the parties as evidenced by the media report attached as Exhibit 2 to the Gutierrez Declaration and statements in the Affidavit of Vincent Akimoto (which are contradicted by the facts established by reviewing the record in this matter) raise concerns of this Court that *both* parties have been engaging, since 2002, in an apparent abuse of the judicial process by continuing to pursue claims against each other which are then abandoned or not pursued diligently. The Court's concerns are addressed briefly in section D.3., *infra.*

privies based on the same cause of action.'" *Presto v. Lizama*, 2012 Guam 24 ¶ 21 (citing *In re Appl. Of Leon Guerrero*, 2001 Guam 22 ¶ 20)(quoting *Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 13). Claim preclusion applies if three requirements are met: (1) a final judgment on the merits; (2) the party against whom claim preclusion is asserted was a party or is in privity with a party in the prior suit; and (3) the issue decided in the prior suit is identical with the issue presented in the later suit. *Presto* ¶ 22 (citing *Trans Pacific* ¶ 16). Applying the *Presto* factors to the instant case, this Court finds that the Plaintiff's claims are barred by *res judicata*, or claim preclusion.

### 1. Effect of a Rule 41(b) Dismissal Is A "Final Judgment on the Merits"

A dismissal for failure to prosecute is governed by Rule 41(b) of the Guam Rule of Civil Procedure which reads, in its entirety:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, <u>a dismissal under this subdivision</u> and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, <u>operates as an adjudication upon the merits</u>.

Guam R. Civ. P. 41(b) (2010)(emphasis added). See also, *Guam Economic Development Authority v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 47 (citing to GRCP 41(b)); *Reyes v. First Net Ins. Co.*, 2009 Guam 17 ¶¶ 22.

Judge Bordallo, in his decision and order of March 26, 2012 in CV1789-10 found that dismissal for failure to prosecute was warranted under the five factor test used in Guam and adapted from the 9th Circuit. See Decision And Order at 3, CV1786-10 (Mar. 26, 2012)(where Judge Bordallo applied the rule from *Santos v. Carney*, 1997 Guam 4 ¶ 5 and adapted from In re

Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)). Although the Decision and Order granting the motion to dismiss under Rule 41(b) was silent on whether the dismissal operated as an adjudication upon the merits, GRCP Rule 41(b) clearly states that a dismissal under that provision "operates as an adjudication upon the merits." See also *Reyes*, 2009 Guam at ¶ 22 (quoting GRCP Rule 41(b)). Moreover, under Guam law, Plaintiff was barred from filing this instant action: "the effect of a Rule 41(b) dismissal on the merits bars a plaintiff from refilling the same claim." Reyes at ¶ 24. This factor weighs in favor of finding that *res judicata* precludes Plaintiff's claims against the Defendants.

## 2. Identity of the Parties and the Causes of Action Are Identical

The parties in the instant matter – Carl T.C. Gutierrez, as Plaintiff, and Vincent Akimoto, M.D. and Douglas B. Moylan, as Defendants – are identical to the parties in the 2010 Lawsuit: <u>Carl T.C. Gutierrez v. Vincent Akimoto, M.D., Douglas B. Moylan, and John Does 1-100</u>, CV1789-10 (Super. Ct. 2010). *See* Complaint, CV1789-10 (Oct. 20, 2010). Thus, the second factor under the test for claim preclusion is met.

As described above, the factual basis of the complaint in the 2010 Lawsuit was the bringing of the 2002 Lawsuit, which itself had been dismissed by Judge Benson pursuant to GRCP Rule 41(b). See, *supra.* Additionally, the causes of action in the 2010 Lawsuit were as follows: Count I – Malicious Prosecution In Civil Case No. CV1011-02; Count II – Abuse of Process; Count III – Intentional and/or Negligent Infliction of Emotional Distress; and, Count IV – Punitive Damages. *See* Complaint at 4-7, CV1789-10 (Oct. 20, 2010). Identically, the Complaint in the instant case is based upon the 2002 Lawsuit and asserts the exact causes of action and factual allegations as the Complaint in the 2010 Lawsuit. *See* Complaint at pp. 4-7

(Apr. 3, 2012). Consequently, this Court finds that the third factor under *Presto* has been satisfied, justifying dismissal under the doctrine of *res judicata.*

**C. The Decision and Order in the 2010 Lawsuit was Final and Appealable and Plaintiff Waived His Right to Appeal.**

Plaintiff admits that an order of dismissal was filed in the 2010 Lawsuit but argues that no final judgment was ever issued on a separate document and filed in that case as required under GRCP 58(a); consequently, *res judicata* does not apply. Opposition at 13 (Jan. 7, 2013)(citing to GRCP 58, *People v. Angoco*, 2006 Guam 18 ¶ 12 and *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992)). *Angoco* is inapposite here because that case involved a very narrow question: the jurisdiction of the Supreme Court of Guam to review a pretrial order disqualifying defense counsel in a criminal case under 7 GCA § 3108(a). The circumstances in this case are quite different because the Decision and Order dismissing the 2010 Lawsuit was a final adjudication on the merits, as discussed above, while the order in *Angoco* was merely a pretrial order that did not address a substantive issue in the case.

More importantly, however, is that, contrary to the Plaintiff's position that the Decision and Order dismissing the 2010 Lawsuit was not final because it was not reduced to a separate document under GRCP Rule 58(a), the Decision and Order was indeed made final by virtue of GRCP Rule 58(b)(2)(B). Further, this Court need not look to the 10th Circuit decisions interpreting the federal counterpart to Guam's Rule 58, as the Plaintiff urges, because the Supreme Court of Guam has already ruled that, notwithstanding a court's failure to issue a separate document setting forth the entry of a final judgment, a judgment is *effectively entered,* for the purpose of the separate document rule, 150 days after entry of the underlying Decision and Order on the docket. *Rapadas v. Benito*, 2011 Guam 28 ¶ 9 (quoting *Quijano v. Atkins-*

*Kroll, Inc.*, 2008 Guam 14).

GRCP Rule 58(b)(2)(B) provides as follows:

> (b) Time of Entry. Judgment is entered for purposes of these rules:
> ... (2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs: ... (B) when 150 days have run from entry in the civil docket under Rule 79(a).

Thus, pursuant to GRCP 58(b)(2)(B) and the Guam Supreme Court's decisions in *Rapadas* and *Quijano*, the Decision and Order dismissing the 2010 Lawsuit became a final judgment for the purposes of the separate document rule on August 24, 2012 – 150 days after the entry on the docket of the Decision and Order dismissing the 2010 Lawsuit on March 26, 2012. Appeal of the Decision and Order could then have been had according to the Rules of Appellate Procedure Rule 4(a).[3]

Indeed, pursuant to Rule 58(d) each of the parties had the power to request that judgment be set forth on a separate document as required by Rule 58(a), but rather than comply with the provisions of the rule and appeal the Decision and Order, Plaintiff filed a brand new lawsuit asserting the identical claims against the identical parties. This was not proper. Based on these reasons, Plaintiff's claims are barred by the doctrine of *res judicata.* Because this court has determined that Plaintiff's claims are barred by *res judicata*, it does not consider the argument of dismissal on the basis of collateral estoppel.

**D. Request for Sanctions, Attorneys Fees, and Litigation Costs Is Denied.**

**1. Defendants' Request for Sanctions Under CPGA Denied.**

Because the Court has denied Defendants' request to dismiss the instant action pursuant

---

[3] If Plaintiff had filed a notice of appeal before the Decision and Order was considered a final judgment under Rule 58(b)(2)(B), the notice of appeal would be treated as filed on the date of and after the entry. GRAP Rule 4(a)(2).

to the CPGA, Defendants are not entitled to any award under Section 17106(g) or (h) therein. Attendant to this finding, the Court denies Defendants' request to permit them to conduct discovery "into Plaintiff and his counsels ability to pay [sic]" as requested in Defendants' Memorandum Supporting Motion to Dismiss.[4]

### 2. Defendants' Request for Rule 11 Sanctions is Denied.

The Defendants seek sanctions pursuant to Rule 11 of the Guam Rules of Civil Procedure.[5] The Court finds this request wholly improper pursuant to the specific provisions dictating an application for Rule 11 sanctions be filed separately. Specifically, GRCP Rule 11 requires, in relevant part, as follows:

> "a motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision [Rule 11] (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Because Defendants failed to comply with the requirements under Rule 11, this Court denies its request for sanctions.

### 3. The Parties' Conduct May Be Sanctioned by the Court *Sua Sponte.*

Notwithstanding the Court's ruling denying sanctions as requested by the Defendant, the parties' course of conduct during the subject litigation as evidenced by the pleading and affidavits on the record in this matter gives rise to the Court's concerns that both the Plaintiff

---

[4] Memo. Supporting Mot. To Dismiss at p. 8.

[5] Reply to Opp. to Mot. To Dismiss (Jan. 14, 2013).

and the Defendant may have violated the provisions of Rule 11(b). Thus, while the Court finds that Plaintiff's lawsuit is not a SLAPP for the purposes of the application of the CPGA, the parties' conduct during the course of the 2002, 2010 and the current lawsuits give rise to a concern that the parties' may be in violation of Rule 11(b). Thus, the Court reserves its authority pursuant to GRCP Rule 11(c)(1)(B) to *sua sponte* impose sanctions against either Plaintiff or Defendant or both in the instant matter after notice and an opportunity to respond is given pursuant to the Rule. GRCP 11(c)(1)(B).

## CONCLUSION

This Court finds that Defendants' 2002 Lawsuit was not entitled to immunity from liability under the Citizens Participation in Government Act and, therefore, the Court denies Defendants' Motion to Dismiss pursuant to the CPGA. However, this Court finds that Plaintiff's claims *are* precluded under the doctrine of res judicata and Defendants' Motion to Dismiss is, therefore, **GRANTED.** Because the Court has granted dismissal based upon the doctrine of *res judicata,* it does not rule on dismissal pursuant to the doctrine of collateral estoppel. Further, the Court **DENIES** Defendants' request for recovery of any costs or damages under the CPGA and under Rule 11 of the Guam Rules of Civil Procedure but reserves its authority to impose sanctions on either party or both under Rule 11(c)(1)(B).

**SO ORDERED** this 27th day of January, 2014.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

1-27-14

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam